**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TAMIKA F. BAILEY,<br><br>             Plaintiff,<br><br>   v.<br><br>SSA COMMISSIONER,<br><br>             Defendant. | Case No.  25-cv-04940-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRMING THE DENIAL OF BENEFITS** |

Plaintiff Tamika Bailey ("Bailey") appeals a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Bailey asks the Court to reverse the Commissioner's decision and remand for payment of benefits or, alternatively, to remand for further administrative proceedings. The motion has been fully briefed, and the matter has been submitted without oral argument, pursuant to Civil Local Rule 16-5.

For the reasons discussed below, the Court DENIES Bailey's motion, AFFIRMING the denial of benefits.

I.     **BACKGROUND**

Bailey was born on December 15, 1969. Administrative Record ("AR") 133, ECF 8. Bailey has some high school education through grade 11, AR 428, is able to communicate in English, and has no past relevant work, AR 29. On June 17, 2021, Bailey filed an application under both Title II, for period of disability and disability insurance benefits, as well as under Title XVI for SSI, each with an onset date of September 22, 2009. Later, and upon confirming to the ALJ that she understood

the implications of her actions, Bailey amended her alleged onset date to the application date, June 17, 2021, and withdrew her Title II application entirely. AR 18.

Bailey claims disability due to several impairments, which the ALJ determined were "severe." AR 21.[1] These severe impairments consist of: degenerative joint disease of the knees, degenerative disc disease of the lumbar and cervical spine, obesity, right eye vision loss, bipolar disorder, generalized anxiety disorder, and post-traumatic stress disorder. AR 21-22, 25, 426-36.[2]

In the application, Bailey submitted two personal function reports, which provided her account of her limitations. AR 468-79, 584-92. Her spouse, who is considered a "lay witness" for these purposes, submitted her own function report testimony, consisting of her own assessment of Bailey's conditions. AR 480-88, 575-83. In addition to reviewing the function reports, the ALJ also held a hearing on December 5, 2023, during which both Bailey and a vocational expert testified. AR 42-70. Other pertinent evidence in Bailey's application consisted of vast medical records and opinions.

The ALJ undertook the required analysis of Bailey's presented conditions and evidence to determine whether Bailey was disabled, described in further detail below. As a result of this analysis, the ALJ found Bailey was not disabled and denied her benefits on that basis. AR 15-31. The Appeals Council affirmed the ALJ's decision on April 22, 2025, making it the final decision of the Commissioner. AR 1-7.

II.   **LEGAL STANDARD**

   **A.  Standard of Review**

Pursuant to 42 U.S.C. § 405(g), district courts "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 USC

---

[1] Regardless of the severity determination, the ALJ considered all the medically determinable impairments when assessing Bailey's ability to work. AR 22. In contrast, the ALJ did not consider conditions present only prior to the onset date. AR 22.

[2] Bailey additionally claims impairments of gastro esophageal reflux disease, leukocytosis, osteoarthritis, anxiety, eczema, lumbago, sleep apnea, hyperthyroidism, and anemia, among other sicknesses or ailments. The ALJ did not find that these conditions were "severe" or persisted for longer than 12 months. AR 21.

§ 405(g). However, "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).

A court "will disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and must be more than a mere scintilla, but may be less than a preponderance." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (internal quotation marks and citations omitted). A court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* (internal quotation marks and citation omitted). If the evidence is susceptible to more than one rational interpretation, the ALJ's findings must be upheld if supported by reasonable inferences drawn from the record. *See id.*

Finally, even when the ALJ commits legal error, the ALJ's decision will be upheld so long as the error is harmless. *See Brown-Hunter*, 806 F.3d at 492. However, "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id.* The court is "constrained to review the reasons the ALJ asserts." *Id.* (internal quotation marks and citation omitted).

### B. Standard For Determining Disability

A claimant is considered "disabled" under the Act if she meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough she is unable to do her previous work and cannot, based on her age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

United States District Court
Northern District of California

3

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months"; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity ("RFC"), she can still do her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *see* 20 C.F.R. § 416.920(a)(4) (setting the evaluation standard required for review of Title XVI SSI claims). The RFC referenced at step four is what a claimant can still do despite her limitations. *Id.* at 1160 n.5. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

### III.   DISCUSSION

Below, the Court summarizes the ALJ's decision denying benefits. The Court then summarizes Bailey's challenges to the ALJ's decision and the Commissioner's response thereto.

#### A.  ALJ's Decision

At step one, the ALJ determined that Bailey did not engage in substantial gainful activity during the period since her revised alleged onset date of June 17, 2021. AR 21. At step two, the ALJ found many of Bailey's impairments were severe. AR 21-22. At step three, the ALJ determined that Bailey did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1, to be considered disabled, so the ALJ proceeded to the next stage of the analysis. AR 22-24.

At the next stage, the ALJ considered Bailey's RFC under 20 CFR 416.920(e). Upon considering the effect of Bailey's impairments, the ALJ determined that Bailey had some residual functional capacity, which might enable her to do basic work activities. AR 24-29. The 'basic work activities' would have to take into account the limitations the ALJ found, including, *inter alia*, not operating dangerous machinery or commercial vehicles; only carrying out simple instructions and tasks; only having occasional interaction with supervisors, coworkers, and the general public; and

United States District Court
Northern District of California

United States District Court
Northern District of California

accounting for other physical constraints, such as not climbing ladders, only occasionally stooping, and not engaging in work where objects rapidly approach from the side. AR 24. The ALJ made the determination as to Bailey's abilities upon weighing the persuasiveness of Bailey's own disability reports and testimony, as well as medical evidence and opinions, which are described in further detail below. The ALJ did not consider lay witness testimony to reach this determination. AR 29.

***Bailey's Testimony.*** As mentioned, to reach the RFC determination, the ALJ considered Bailey's testimony, including through her disability reports, function reports, hearing testimony, and statements in her medical records. Based on that testimony, the ALJ found that Bailey's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Bailey]'s statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 25. The ALJ similarly found Bailey's testimony concerning her symptoms "inconsistent with the evidence as a whole." *Id.* Some of the evidence drawn in comparison to Bailey's testimony included medical opinions and medical evidence. AR 25-29.

***Medical Opinions.*** Considering the medical evidence, the ALJ weighed the opinions of each of the five medical providers and formed opinions as to their persuasiveness, which, in turn, informed the ALJ's ultimate determinations. AR 28-29. The ALJ found the following: (1) Dr. Goldman's opinion (Ex. C15F) was unpersuasive or somewhat persuasive, based on the consistency of the medical opinion against the medical examination, cognitive findings, and consultative examination; (2) Dr. Sharma's opinion (Ex. C16F) was partially persuasive, in light of the findings from the examination Dr. Sharma performed, less Dr. Sharma's assessment of Bailey's need for a walker, which the ALJ determined was not a condition that persisted for 12 months and should not go into the severe conditions consideration; (3) Dr. Kim's opinion (Ex. C31F) was only persuasive in part, due to some of the "moderate" limitations imposed, which the ALJ found were vague and unsupported by the evidence; (4) Dr. Kartha's opinion (Ex. C32F) was somewhat persuasive, but it both assumed the continued need for a walker on the one hand, and overstated Bailey's lifting and carrying abilities on the other; and (5) Dr. Reynolds's opinion (Ex. C37F) overstepped and made a determination on an issue reserved for the Commissioner to decide, *see, e.g.*, AR 3551 (stating in

Dr. Reynolds's report: "I am formally requesting authorization to add the right knee to the case given the patient has been dealing with the right knee since her original fall."). *Id.*

In light of those findings, the ALJ proceeded to step four and concluded that Bailey did not have the RFC capacity to perform the requirements of her past relevant work under 20 CFR 416.920(f). AR 20, 24-29. Finally, under step five, in consideration of Bailey's age, education, work experience and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" AR 30 (citing 20 CFR 416.969, 416.969a). This conclusion was informed by the testimony of a vocational expert, who testified in Bailey's December 5, 2023 hearing. AR 42-70. Consequently, the ALJ found the Social Security Administration met its burden in demonstrating that other work exists in significant numbers in the national economy that Bailey could do, considering the same. AR 29-31.

Based on these determinations, the ALJ concluded that Bailey was not disabled. AR 29-31.

### B. Bailey's Challenges to the ALJ's Decision

Bailey argues four categories of evidence were improperly considered or presented, which warrant reversal or remand: (1) medical opinions; (2) Bailey's testimony; (3) lay witness testimony; and (4) vocational expert's opinion. Pl. Br., ECF No. 13-1, at 8-21. Bailey further argues that if any of these sources had been properly considered by the ALJ, then Bailey would have been found disabled. *Id.*

The Commissioner addresses the arguments concerning the first three categories of evidence, but did not respond to the fourth. Def. Br., ECF No. 18, at 1.[3] As regards the first two, the Commissioner argues that the ALJ properly evaluated the medical opinions and Bailey's testimony. *Id.* at 1-6. Indeed, the Commissioner asserts the ALJ made evaluations as to the sources' supportability and consistency with the rest of the evidence, and she made a valid determination not to accept the accounts fully, which is the ALJ's right to do. *Id.* The Commissioner argues, "the

---

[3] Instead, the Commissioner adds the following footnote: "Plaintiff also asserts that the ALJ presented an incomplete hypothetical to the vocational expert that excluded the limitations the ALJ rejected. ECF No. 13-1 at 25. This argument simply reiterates prior assignments or error and does not present an independent basis for review." *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

possibility of reasonably reaching a different conclusion about persuasiveness does not make an ALJ's determination unsupported by substantial evidence and is not sufficient grounds for reversal." *Id.* at 6. Regarding the consideration of the lay witness testimony, the parties disagree about what, exactly, an ALJ is required to undertake in their evaluation and whether the ALJ met that requirement here. The Court addresses each argument in turn.

### i. The ALJ Properly Determined the Persuasiveness of Each Medical Opinion

By statute, an ALJ is instructed to evaluate medical opinions first and foremost according to the supportability and consistency the opinions provide. *See* 20 C.F.R. § 416.920c(a) (setting revised review standard as to medical opinions, when evaluating SSI claims filed on or after March 27, 2017). This means making assessments of the medical opinions in comparison to the objective medical evidence and other medical sources and nonmedical sources. *Id.* at (c)(1)-(2).

Here, the ALJ made a determination as to the persuasiveness of each of the five medical opinions. AR 28-29 (citing Exs. C15F, C16F, C31F, C32F, AND C37F). As stated above, this meant finding the opinions ranged in persuasiveness, from somewhat persuasive (Dr. Kartha), to partially persuasive (Drs. Sharma and Kim), to unpersuasive or only somewhat persuasive (Dr. Goldman), and finally, to being set aside for overstepping the scope of opinion permissible of a medical report (Dr. Reynolds). *Id.* These assessments were rooted in the supportability and consistency of each medical opinion in light of the other medical evidence. The ALJ, therefore, met her obligation of evaluating the medical opinions with substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022).

The Court agrees with the Commissioner that just because the ALJ could have reached a different conclusion about the medical opinions' persuasiveness does not make an ALJ's determination unsupported by substantial evidence. Def. Br. at 6. Here, the ALJ properly evaluated the persuasiveness of each doctor's opinion based on the consistency **and inconsistency** within each doctor's own medical file. On that basis, the Court finds it is within the ALJ's power, and it is not for the Court to overrule, the ALJ's well considered and articulated reasons for determining the

persuasiveness of the medical opinions. Consequently, Plaintiff's motion is denied as to the first claim, concerning the ALJ's consideration of the medical opinions.

### ii. The ALJ Provided Clear and Convincing Reasons to Discount Bailey's Testimony

Bailey argues that the ALJ improperly rejected her testimony and disagrees with the conclusions the ALJ reached. Specifically, Bailey argues that the clinical signs and findings more than reasonably support Bailey's limitation, and Bailey's daily living activities are inconsistent with working eight hours a day for five days per week. Pl. Br. at 14-17. In response, the Commissioner argues that the ALJ considered Bailey's testimony and reasonably determined that it was not entirely consistent with the medical and other evidence of record. Def. Br. at 1.

Under the Social Security Act, the ALJ is required to consider evidence other than the medical record because subjective symptoms may suggest a higher severity of impairment than what is reflected by the objective medical record. *See* 20 C.F.R. § 404.1529(c)(3). While an ALJ may not discount a claimant's subjective complaints based solely on a lack of objective medical evidence, the ALJ "may find the claimant's allegations of severity to be not credible" based on specific findings and other evidence in the record. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). In determining Bailey's credibility, the ALJ relied on ordinary techniques of credibility evaluation, such as (1) inconsistencies either in the testimony or between the testimony and the claimant's conduct, and (2) the medical record addressing the claimant's symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *see also Dixon v. Saul*, 411 F.Supp.3d 837, 854 (N.D. Cal. 2019).

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, "the claimant 'must produce objective medical evidence of an underlying impairment' or impairments that could reasonably be expected to produce some degree of symptom." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir. 1996)). Second, if the claimant does so and there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony as to the severity of the symptoms "only by offering

United States District Court
Northern District of California

specific, clear and convincing reasons for doing so." *Tommasetti*, 533 F.3d at 1309 (quoting *Smolen*, 80 F.3d at 1281); *see also Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The Court applies the Ninth Circuit's "clear and convincing reasons" standard here, even though the Commissioner has expressed "disagree[ment]" "because it deviates from the substantial-evidence standard set forth in 42 U.S.C. § 405(g)." Def. Br. at 1 n.1. Despite the Commissioner's objection, and in light of the Commissioner's use of this standard in the opposition brief, the Court adopts the same.

Here, the ALJ did not wholeheartedly accept the details of Bailey's alleged disability, which Bailey claimed affected a range of her physical and mental capabilities. Some of Bailey's alleged physical complications included her ability to stand, sit, and walk; the Commissioner additionally notes Bailey's claim that she could only stand for about 10 minutes and walk 20-30 feet before needing to rest. Def. Br. at 1 (citing AR 51). Some of the mental conditions Bailey described included difficulties with concentration, anxiety, memory, understanding, following instructions, and others. AR 478, 590. Some of these mental effects were tied to Bailey's bipolar disorder, which the ALJ recognized as a medically determinable and severe impairment. AR 21.

The Court finds that the ALJ provided clear and convincing reasons for discounting statements about the intensity, persistence, and limiting effects of Bailey's symptoms. AR 25-28; *see Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014) ("the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.") (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ reviewed Bailey's medical records in detail, including through comparing Bailey's testimony to the objective medical records. For example, the ALJ found that Bailey's "alleged level of limitation is not consistent with the evidence as a whole, including her normal gait, lack of spinal surgery, intact strength, lack of psychiatric hospitalizations, intact cognitive functions, and her activities of daily living." AR 26. Similarly, when looking to Bailey's mental impairments, the ALJ concluded that the reported psychiatric symptoms, such as depressed mood, irritability, anxiety, panic attacks, paranoia, and hallucinations, were not so severe as to require psychiatric hospitalization. AR 26 (citing Exs. C1F, C21F, C33F, C1F, C31F, and C8F). In combination with the intact cognitive functions, normal limit memory, adequate fund of knowledge, serial seven calculation performance, intact attention, good

insight and judgment, pleasant demeanor, and ability to perform significant activities of daily living and manage finances and use a computer (AR 26), these considerations led the ALJ to conclude the extent of Bailey's conditions were not as severe as Bailey represented. AR 25.

The Court also finds that the ALJ provided clear and convincing reasons for finding that Bailey's described daily activities were inconsistent with the level of symptoms and limitations shown in her subjective testimony. For instance, the ALJ found inconsistencies in the medical evidence compared with Bailey's assertions that she could not walk, stand, or sit for extended periods of time. AR 25-26. The ALJ found this contrasted with experiences Bailey had in Mexico, citing Bailey's reported walks on the beach or cycling for 22 miles. AR 26 (citing Exs. C36F/31, C37F/47). Though Bailey raises that the ALJ failed to recognize the trip to Mexico as an element of Bailey's bipolar disorder, as she argues the trip "essentially amounted to a mental health episode," that does not justify discounting the ALJ's findings as to the physical capabilities that Bailey experienced during the same, which is what the ALJ used the Mexico trip to demonstrate. *See* Pl. Br. at 15 (arguing "legal error for the ALJ to discount Bailey's allegations because she has psychological impairments which cause her involuntarily to experience symptoms at a level greater than is normal"). This led the ALJ to find overall that the only mental impairments, evidenced by mental status examination findings during treatment, were related to "mood." AR 27 (referring to Bailey's bipolar disorder). In addition to subjective reports of symptoms like mania, such self-report was not consistent with the record, which did not document elevated mood or emergent treatment findings. *Id.*

Because the ALJ articulated clear and convincing reasons to conclude that Bailey's testimony was not entirely consistent with the evidence as a whole, AR 25, 26, the Court finds that the ALJ properly rejected Bailey's testimony regarding her subjective experiences. *See Burch*, 400 F.3d at 681 ("[medical evidence] is a factor that the ALJ can consider in his credibility analysis"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.") (internal quotation omitted). While the ALJ's interpretation "may not be the only reasonable one," the Court finds that the ALJ provided clear and convincing reasons by explaining the level and extent of Bailey's daily activities

as reflected in the record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding the ALJ's interpretation of claimant's daily activity was reasonable and supported by substantial evidence despite the claimant's "testimony was somewhat equivocal" about her daily activities).

### iii.    The ALJ Properly Discounted the Lay Witness Testimony

The ALJ properly considered the statements of Bailey's spouse. AR 29. Bailey's spouse submitted two function reports describing Bailey's conditions that she observed daily (AR 480-88, 575-83), some of which were distinct from those Bailey described. *See, e.g.,* Pl. Br. at 18-19 (noting several conditions that the lay witness included in her function report, some of which overlapped with, and a few differed from, the conditions provided in Bailey's own function report). Bailey raises a couple of challenges related to this lay witness testimony.

First, Bailey argues the ALJ did not properly evaluate and apply the lay witness testimony, and if she had done so, the ALJ would have found Bailey disabled. Pl. Br. at 18-19. Specifically, Bailey disagrees with the ALJ's assessments of the consistency of the lay witness's testimony and impact thereof. *Id.* at 19. The ALJ here assessed the lay witness testimony as "somewhat consistent with the record…[h]owever, it is not entirely consistent with the evidence…[or] the reported daily activities…[, and] the mental allegations are not consistent with the quite minimal mental status findings and, again, reported daily activities." AR 29.

Historically, lay witness testimony is viewed as valuable insight into a claimant's daily practices, which can help to determine a claimant's limitations and disabilities. *See, e.g., Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) ("Although eyewitnesses have to rely to some extent on communications with the claimant in ascertaining whether she is disabled or malingering, we have held that friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). While "[l]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, … One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citations omitted). Therefore, it is within an ALJ's authority to discount such testimony.

The Court recognizes that the parties disagree about the level of consideration and discussion an ALJ must give lay witness testimony. Bailey argues that where the ALJ wishes to discount a lay witness's testimony, the ALJ must give reasons germane to each witness for doing so. Pl. Br. at 18-19 (citing *Dodrill*, 12 F.3d at 919). Bailey asserts that the ALJ's failure to base the rejection of the lay witness's testimony on the record and to give specific and legitimate reasons germane to the rejection is reversible error. *Id.* at 19. The Commissioner challenges Bailey's position, arguing that an ALJ has no obligation to articulate reasons for how she considered a statement provided by Bailey's spouse; in support of this position, the Commissioner asserts that the germane reasons standard no longer applies to claims filed on or after March 27, 2017, because the Agency amended its regulations. Def. Br. at 7-9 (citing 20 C.F.R. § 416.920c(d)). The Ninth Circuit does not have current guidance on point. *See Hudnall v. Dudek*, 130 F.4th 668 (9th Cir.), opinion withdrawn, decision vacated, 133 F.4th 968 (9th Cir. 2025), unpublished decision issued, No. 23-3727, 2025 WL 1379101, at *2 (9th Cir. May 13, 2025) (declining to "decide whether the regulations constitute 'intervening higher authority' that is 'clearly irreconcilable' with our [germane reasons] precedent."). Also like *Hudnall*, here, the Court need not answer what standard for consideration applies, as the ALJ met either standard; the ALJ's description on AR 29 provides adequate reasons for discounting the lay witness testimony.

Indeed, in the explanation, the ALJ made a determination that the lay witness testimony was not credible, based on her review of the record, and the ALJ articulated reasons for the same. Notwithstanding the ALJ's inartful, seeming hand-waving of her obligation to consider the lay witness testimony at the conclusion of that paragraph,[4] the Court finds the ALJ gave reasons based on the record to discount the lay witness testimony. Indeed, prior to that final sentence, the Court finds that the ALJ sufficiently articulated the reasons that she did not accept the lay witness's testimony because it was inconsistent with the other evidence in the record. AR 29.

---

[4] *See* AR 29 ("Since these [lay witness statements] are neither medical opinions nor prior administrative medical findings, their persuasiveness has not been formally assessed.").

Even if, however, the Court were to determine that not "formally assess[ing]" the "persuasiveness" of the lay witness testimony were error, the Court would still find such error harmless. The Ninth Circuit has stated affirmatively:

> Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se.

*Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

Here, the Court accepts the Commissioner's argument that the lay witness's testimony was, in effect, addressed and properly discounted because it was similar to Bailey's testimony, which the ALJ independently reviewed. Def. Br. at 9 (citing AR 25-27, 576-83). This position is clearly supported by *Hudnall v. Dudek*, in which the Ninth Circuit found the lay witness's testimony was "substantially similar" to his spouse's and therefore concluded that the error was harmless. No. 23-3727, 2025 WL 1379101, at *2 (May 13, 2025). The Court therefore finds that the ALJ's determination that Bailey's spouse's testimony was "substantially similar" to Bailey's and discounting the same is not error, and even if it were, it would be harmless.

#### iv.    The ALJ Properly Relied on the Vocational Expert Testimony

In her motion, Bailey argues that the Court should reverse the ALJ's determination at step five because the ALJ relied on the vocational expert's testimony that was based on an incomplete hypothetical question. Pl. Br. at 20. Specifically, Bailey argues that the ALJ did not include all of her functional limitations, and therefore, the determination had no evidentiary value. *Id.* The Commissioner did not separately brief this argument but contends in a footnote that this argument is simply a repetition of Plaintiff's other arguments, as it is premised on the same. Def. Br. at 1, n.1.

The Court rejects Bailey's argument that the ALJ improperly relied on vocational expert testimony that was based on an incomplete hypothetical question. Bailey asserts the ALJ's failure to pose a complete hypothetical is based on the ALJ's failure to account properly for "Bailey's credible allegations, the limitations described by the lay witness, and the limitations assessed by several examining providers[.]" Pl. Br. at 20. The Court finds that Bailey's contention is based on

13

her challenges already asserted as to all three of those sources and which the Court rejected above. Because the hypothetical posed to the vocational expert is based on the ALJ's valid RFC finding, the ALJ did not err in considering the vocational expert's testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (finding the ALJ did not err in his RFC finding and rejecting a claimant's challenge to an ALJ's step five analysis on the basis that the vocational expert's testimony was not based on an incomplete hypothetical posed by the ALJ).

Accordingly, the Court finds that Bailey has failed to identify any reversible error in the ALJ's step five analysis.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Bailey's motion for summary judgment is DENIED. The determination of the ALJ and Appeals Council is AFFIRMED.

**IT IS SO ORDERED.**

Dated:  June 23, 2026

_____
BETH LABSON FREEMAN
United States District Judge